**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLOUDING IP, LLC<br><br>                              Plaintiff,<br><br>             v.<br><br>CNN INTERACTIVE GROUP, INC.,<br><br>                              Defendant. | C.A. No. 12-1639-LPS |
| CLOUDING IP, LLC<br><br>                              Plaintiff,<br><br>             v.<br><br>DOW JONES & COMPANY, INC.,<br><br>                              Defendant. | C.A. No. 12-1640-LPS |
| CLOUDING IP, LLC<br><br>                              Plaintiff,<br><br>             v.<br><br>FOX NEWS NETWORK, LLC,<br><br>                              Defendant. | C.A. No. 12-1641-LPS |
| CLOUDING IP, LLC<br><br>                              Plaintiff,<br><br>             v.<br><br>GANNETT CO., INC.,<br><br>                              Defendant. | C.A. No. 12-1642-LPS |

CLOUDING IP, LLC

          Plaintiff,

      v.

THE HUFFINGTONPOST.COM, INC.,

          Defendant.

C.A. No. 12-1643-LPS

---

CLOUDING IP, LLC

          Plaintiff,

      v.

THE NEW YORK TIMES CO.,

          Defendant.

C.A. No. 12-1644-LPS

---

CLOUDING IP, LLC

          Plaintiff,

      v.

THOMSON REUTERS CORP., et al.,

          Defendants.

C.A. No. 12-1645-LPS

---

CLOUDING IP, LLC

          Plaintiff,

      v.

TIME INC., et al.,

          Defendants.

C.A. No. 12-1646-LPS

**PLAINTIFF CLOUDING IP, LLC's ANSWERING BRIEF
IN OPPOSITION TO DEFENDANTS' MOTION TO STAY
PENDING THE OUTCOME OF *INTER PARTES* REVIEW**

June 18, 2013                                    BAYARD, P.A.

Of Counsel:

                                                 Richard D. Kirk (rk0922)
Marc A. Fenster                                  Stephen B. Brauerman (sb4952)
Jaspal S. Hare                                   Vanessa R. Tiradentes (sb5938)
Dorian S. Berger                                 222 Delaware Avenue, Suite 900
Russ August & Kabat                              Wilmington, DE  19801
12424 Wilshire Boulevard, 12th Floor             (302) 655-5000
Los Angeles, CA 90025-1031                       rkirk@bayardlaw.com
(310) 826-7474                                   sbrauerman@bayardlaw.com
mfenster@raklaw.com                              vtiradentes@bayardlaw.com
jhare@raklaw.com
dberger@raklaw.com                               Attorneys for Plaintiff Clouding IP, LLC

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................... 1

II.    RELEVANT BACKGROUND ........................................................................ 3

III.   LEGAL STANDARD..................................................................................... 5

IV.   ARGUMENT .................................................................................................. 6

    A.    A Stay Will Result In A Multi-Year Delay and Extreme Prejudice To
         Clouding..............................................................................................6

         1.    *Inter Partes* Review Proceedings Are Likely To Last Several
              Years ...........................................................................................7

         2.    Clouding Will Suffer Significant Economic Loss As A Result Of A
              Stay .............................................................................................8

         3.    A Stay Will Stale Evidence.........................................................9

         4.    A Stay Will Deny Clouding Its Chosen Forum ..........................9

    B.    A Stay Is Unlikely To Simplify Issues Here........................................10

         1.    IPRs Cannot Render These Cases "Moot" Over Two-Thirds of the
              Claims That Are Not Subject To IPR .......................................10

         2.    Defendants' Claims That The IPRs Will "Greatly Simply" The
              Issues Are Exaggerated.............................................................11

         3.    These Cases Will Already Simplified Because This Court Will Be
              Addressing All IPR Issue First In The First Wave Actions......................13

         4.    The Estoppel Effects Of The IPR Proceeding Will Not Simplify
              The Issues Since The Defendants Will Not Be Bound By The IPR..........13

    C.    Even Assuming A Quick Resolution Of The IPRs, This Favors Continuing
         The Case Because The Court Can Easily Incorporate The Results Of The
         *Inter Partes* Review Into This Litigation In Due Course. ....................14

    D.    Defendants Have Not Shown Any Hardship Or Inequity In The Absence
         Of A Stay. ...........................................................................................16

    E.    Courts Routinely Deny Stays At This Stage Of Litigation When The Other
         Factors Weigh Against A Stay..............................................................16

i

F.   Principles of *Stare Decisis* Strongly Favor Denying A Stay. ...............................17

V.   CONCLUSION .............................................................................................................. 17

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Basell Poliolefine Italia S.P.A.*,
   547 F.3d 1371 (Fed. Cir. Nov. 13, 2008)..................................................................................8

*C.W. Zumbiel Co. v. Kappos*,
   No. 2011-1332 and -1333, 2012 U.S. App. LEXIS 26554 (Fed. Cir. Dec. 27, 2012)..............8

*Colby v. JC Penney Co., Inc.*,
   811 F.2d 1119 (7th Cir. 1987) ...............................................................................................6

*Cooper Notification, Inc.* v. *Twitter, Inc.*,
   No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) ......................................6, 9, 16

*Cooper Techs. Co. v. Thomas & Betts Corp.*,
   No. 06-CV-242, 2008 WL 906315 (E.D. Tx. Mar. 31, 2008) .................................................17

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*,
   734 F. Supp. 656 (D. Del. 1990)......................................................................................6, 16

*Esco Corp. v. Berkeley Forge & Tool, Inc.*,
   2009 WL 3078463 (N.D. Cal. Sept. 28, 2009) ......................................................................11

*Fujitsu Ltd. v. Nanya Tech. Corp.*,
   No. 06-6613, 2007 WL 3314623 (N.D. Cal. Nov. 6, 2007) ...................................................11

*ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*,
   C.A. No. 12-54-GMS-MPT, 2012 U.S. Dist. LEXIS 163234 (D. Del. Nov. 15, 2012)......6, 15

*Landis v. North Am. Co.*,
   299 U.S. 248 (1936)...............................................................................................................5

*MercExchange, L.L.C. v. eBay, Inc.*,
   500 F. Supp. 2d 556 (E.D. Va. 2007) .....................................................................................5

*Mike's Train House v. Broadway Ltd. Imports*,
   2011 WL 836673 (D. Md. Mar. 3, 2011)...............................................................................15

*Optimumpath, L.L.C. v. Belkin Int'l, Inc.*,
   No. 09-01398, 2010 WL 761285 (N.D. Cal. Mar. 3, 2010) ...................................................13

iii

*Personalized User Model, L.L.P. v. Google, Inc.*,
    C.A. No. 09-525-LPS, 2012 U.S. Dist. LEXIS 155815 (D. Del. Oct. 31, 2012) ....................6

*Protective Industries, Inc. v. Ratermann Manufacturing, Inc.*,
    No. 10-1033, 2010 WL 5391525 (M.D. Tenn. Dec. 22, 2010) ........................................14, 17

*SoftView LLC v. Apple Inc.*,
    No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, 2012 WL 3061027 (D. Del. July 26, 2012)5, 9, 10

*Soverain Software LLC v. Amazon.com, Inc.*,
    356 F. Supp. 2d 660 (E.D. Tex. 2005)..................................................................................5

*Stormedia Texas, LLC v. CompUSA, Inc.*,
    No. 07-00025, 2008 U.S. Dist. LEXIS 55690 (E.D. Tex. July 23, 2008) ..............................13

*Telemac Corp. v. Teledigital, Inc.*,
    450 F. Supp. 2d 1107 (N.D. Cal. 2006) ..................................................................................13

*Tesco Corp. v. Weatherford Int'l, Inc.*,
    599 F. Supp. 2d 848 (S.D. Tex. 2009) ......................................................................11, 13, 16

*Voith Paper GmbH & Co.KG v. Johnsonfoils, Inc.*,
    C.A. No. 07-226 JJF, 2008 U.S. Dist. LEXIS 28983 (D. Del. Mar. 31, 2008) ......................16

*Wyeth v. Abbott Labs.*,
    Civil Action No. 09-4850 (JAP), 2011 WL 380902 (D.N.J. Feb. 1, 2011)...........................15

*Yodlee, Inc. v. Ablaise Ltd.*,
    No. 06-07222, 2009 WL 112857 (N.D. Cal. Jan. 16, 2009)...................................................11

**Statutes**

35 U.S.C. § 102..................................................................................................................4

35 U.S.C. § 103..................................................................................................................4

35 U.S.C. § 282................................................................................................................10

35 U.S.C. § 314................................................................................................................12

35 U.S.C. § 315................................................................................................................14

35 U.S.C. § 316.............................................................................................................7, 10

**Other Authorities**

35 C.F.R. § 42.107..........................................................................................................12

37 C.F.R. § 42.71 .......................................................................................................4, 12

iv

FED. R. CIV. P. 1 .................................................................................................................... 1

Matthew A. Smith, *A Critical Analysis Of The Inter Partes Review Statute* (Nov. 11, 2011) ........ 7

## I.      INTRODUCTION

Plaintiff Clouding IP, LLC ("Clouding") respectfully submits this answering brief in opposition to Defendants' Motion to Stay Pending the Outcome of *Inter Partes* Review (*e.g.*, 12-cv-1645, Defendants' Opening Brief ("Defs' Br."), D.I. 17).[1]

Just five months ago in a related case, *Clouding IP, LLC v. Oracle Corp* ("Oracle Action"), this Court denied Oracle's Motion to Stay Pending *Inter Partes* Review where the facts were substantially similar to the facts presented here.   (*See* 12-642-LPS, D.I. 50 at 80:22 (hereinafter "Stay Hr'g Tr.").)   Although not binding, the principles of *stare decisis* apply here. Defendants' Motion to Stay Pending the Outcome of *Inter Partes* Review should be denied for the same reasons that this Court denied Oracle's motion to stay to ensure "the secure the just, *speedy*, and inexpensive determination" of this action.   FED. R. CIV. P. 1 (emphasis added).

Defendants' motion to stay serves no purpose other than to delay resolution of these cases and deny Clouding IP its chosen forum for litigating the validity of its patents.   The United States Patent and Trademark Office ("PTO") has only recently initiated *inter partes* review ("IPR") proceedings.   The IPR proceedings are in their infancy and the initial IPR stage is unlikely to conclude until December 2014.   However, the IPR proceedings are likely to be further delayed by Oracle's filing a second round of IPR petitions against the same patents.   Moreover, appeals from those IPR proceedings could add more than 20 months to that delay, and result in a stay lasting upwards of three years.   A stay of that duration would cripple Clouding's business and stale evidence that Clouding IP needs to prove its claims.

---

[1] Defendants jointly request a stay in the following cases: C.A. No. 12-1639-LPS (CNN Interactive Group, Inc.); C.A. No. 12-1640-LPS (Dow Jones & Company, Inc.); C.A. No. 12-1641- LPS (Fox News Network, LLC); C.A. No. 12-1642-LPS (Gannett Co., Inc.); C.A. No. 12-1643-LPS (TheHuffingtonPost.com Inc.); C.A. No. 12-1644-LPS (The New York Times Company); C.A. No. 12-1645-LPS (Thomson Reuters Corp. and West Services Inc.); C.A. No. 12-1646-LPS (Time Inc. and TI Media Solutions, Inc.) (collectively, "the Media Cases").

A stay would provide no benefits to justify these harms.  The IPRs cannot render these cases moot.  All of Clouding's asserted patents are guaranteed to survive those proceedings because the PTO has granted review of less than a third of the claims of the patents-in-suit (23 of 74 claims).  Thus, Clouding will inevitably have valid claims from those patents that it can assert against Defendants once the IPRs conclude.

Moreover, review proceedings are not necessary to streamline this case.  Regardless of whether these cases are stayed, the Court will have to consider all the issues presented in the IPRs because the Oracle Action (and other earlier filed cases) have not been stayed.  It is anticipated that these cases (that are subject to this motion) will proceed on a schedule behind the Oracle Action.  Thus, the parties and the Court will have the benefit of the rulings and records created in the Oracle Action.  Such rulings and records will be far more valuable than any ruling by the PTO that will be subject to appeal to the Federal Circuit.  The issues here will inevitably be simplified without the IPRs.  There is no conceivable reason to stay this case for years pending the outcome of the IPRs.

Defendants argue that they will gain no tactical advantage through the IPRs.  But, Defendants have not agreed to any estoppel effect arising from the IPR proceedings.  This Court will have to address the very same arguments that Oracle presents during the IPRs.  In short, Defendants are seeking two bites at the apple.

The stage of these proceedings and the Oracle Action weighs heavily against a stay.  These cases has been pending for over six months.  As this Court recognized, the stage of related proceedings are also relevant.  The Oracle Action has been pending for over a year.  The parties and the Court have expended significant resources negotiating and issuing a consolidated Scheduling Order (*e.g.*, 12-642, D.I. 35) and a Protective Order (*e.g.*, 12-642, D.I. 60), resolving

2

motions to dismiss (*e.g.*, 12-642, D.I. 77), and resolving discovery disputes (12-642, D.I. 72).   In contrast, the IPRs have only very recently been initiated and are in their infancy.   No discovery has conducted in the review proceedings.   The review proceeding may not be completed until November of 2014.   If Clouding and Oracle settle their disputes, the review proceedings may never be completed.

Finally, Defendants have not shown any hardship or inequity in the absence of a stay. For these reasons, Clouding respectfully requests that the Court deny Defendant's motion to stay.

## II.   RELEVANT BACKGROUND

Starting May 22, 2012, Clouding filed complaints for patent infringement against Oracle and several other infringers based on their use of cloud computing technology that had been developed by Symantec Corporation years prior.   The initiation of these suits followed Clouding's attempt to reach licensing agreements with the Defendants.   These cases share asserted patents and have been consolidated for scheduling purposes.

On December 4, 2012, Clouding sought to protect its patent rights by filing complaints for patent infringement in the eight cases that are the subject of the present motion ("these cases" or "the Media Cases").[2]   Clouding accuses Defendants in the Media Cases ("Defendants") of infringing two patents: U.S. Patent No. 6,925,481 ("the '481 patent") and U.S. Patent No. 7,254,621 ("the '621 patent") (collectively "the patents-in-suit").

Between December 8 and 21, 2012, Oracle filed petitions for *inter partes* review of all eleven patents that Clouding has asserted against it, including the '481 and '621 patents.   Oracle immediately moved to stay.   This Court held a hearing on January 25, 2013 and denied Oracle's motion to stay.   (Stay Hr'g Tr. 80:22.)   Subsequently, Rackspace and Amazon.com also

---

[2] These terms include: 12-1639-LPS; 12-1640-LPS; 12-1641-LPS; 12-1642-LPS; 12-1643-LPS; 12-1644-LPS; 12-1645-LPS; and 12-1646-LPS.

defendants in the initially filed actions withdrew their respective motions to stay pending *inter partes* review.  (12-675, D.I. 37; 12-641, D.I. 35.)

The Court held a Rule 16 scheduling teleconference on January 3, 2013 to consolidate the schedule.  On January 10, 2013, the Court issued a consolidated Scheduling Order.  Pursuant to the Scheduling Order, by September 12, 2013, Clouding must reduce the number of its asserted claims to 40.  Within 60 days of the Court's Claim Construction Order, Clouding must further reduce the number of its asserted claims to 20.  The Court has scheduled a hearing on claim construction for December 20, 2013.  Clouding and defendants in the initial cases have served and responded to written discovery.  Clouding served its disclosure of accused products and accused functionalities under ¶ 4(a) of the Delaware Default Standards for Discovery on February 4, 2013.  Clouding will be serving infringement contentions pursuant to ¶ 4(c) on June 24, 2013 (in the earlier cases).

The PTO instituted review proceedings for the '481 and '621 patents on May 3 and 10, 2013, respectively.  (Defs' Br., Exs. A and B.)  Of the 57 claims in the '481 patent, the PTO granted review of claims 1–2, 25, 28, and 50–57 over U.S. Patent No. 6,670,968 ("Schilit") under 35 U.S.C. § 102(e) and of claim 32 over Schilit and U.S. Patent No. 7,269,664 ("Hutsch") under 35 U.S.C. § 103(a). (Defs' Br., Ex. B at 14.)  Of the 17 claims in the '621 patent, the PTO granted review of claims 1–9 and 17 over Schilit.  (Defs' Br., Ex. C at 13.)  On May 17 and 22, 2013, Oracle requested rehearing of both PTO decisions to institute review.  (Declaration of Dorian S. Berger ("Berger Decl.") (IPR2013-00075, Oracle Request for Rehearing Under 37 C.F.R. § 42.71(c), attached hereto as Exhibit A; IPR2013-00088, Oracle Request for Rehearing Under 37 C.F.R. § 42.71(c), attached hereto as Exhibit B.)  The PTO denied both of Oracle's requests for rehearing on June 14, 2013.  (IPR2013-00075, Decision on Request for Rehearing

Under 37 C.F.R. § 42.71, attached hereto as Exhibit C; IPR2013-00088, Decision on Request for Rehearing Under 37 C.F.R. § 42.71, attached hereto as Exhibit D.)  Also after the PTO issued its decisions in May 2013, Oracle filed a second set of IPR petitions against seven of the same patents that it had petitioned six months earlier. *See* IPR2013-00260, -00261, -00271, -00273, -00275, -00304, and -00321.)

## III.   LEGAL STANDARD

This Court has recognized that the standards for granting a stay pending IPR proceedings are the same as those for granting a stay pending reexamination proceedings.  (Stay Hr'g Tr. 81:3–5.)  The decision to stay litigation pending PTO proceedings is within the sound discretion of the Court, which has the inherent power to manage its docket.  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  The Court "is under no obligation to delay its own proceeding by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 563 (E.D. Va. 2007).  As one court put it, "to adopt a *per se* rule that patent cases should be stayed during reexamination because some of the relevant claims may be affected [would] not promote the efficient and timely resolution of patent cases, but would invite parties to unilaterally derail timely patent case resolution by seeking reexamination." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662-663 (E.D. Tex. 2005).

In exercising this discretion, the Court must weigh the competing interests of the parties and attempt to maintain an even balance.  *See Landis,* 299 U.S. at 255.  "The factors courts typically consider in deciding how to exercise this discretion include: (1) whether a stay will simplify the issues and trial of the case; (2) the stage of litigation, including whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *SoftView LLC v. Apple Inc.,* No. 10-389-

LPS, 2012 U.S. Dist. LEXIS 104677, 2012 WL 3061027, at *13 (D. Del. July 26, 2012). "Generally, the party seeking a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Cooper Notification, Inc.* v. *Twitter, Inc.,* No. 09-865-LPS, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010) (quotations, citation, and emphasis omitted). "It is the court's foremost obligation to see litigations through to trial in a timely and efficient manner." *Personalized User Model, L.L.P. v. Google, Inc*., C.A. No. 09-525-LPS, 2012 U.S. Dist. LEXIS 155815, at *7 (D. Del. Oct. 31, 2012) (quotations, citations, and alterations omitted).

The principle of *stare decisis* dictate that similar cases should be decided similarly. *See Colby v. JC Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir. 1987) (*Stare decisis* "means deciding a case in accordance with what has been decided previously in other, similar cases."). Although a court's own previous decisions are not binding, "[a] court must give considerable weight to those decisions." *Id.*

## IV.   ARGUMENT

This Court just five months ago denied Oracle's motion to stay pending *inter partes* review. The situation here is not materially different from that in the Oracle case as Defendants argue. (*See* Defs' Br. at 4.) On the contrary, the difference disfavors a stay.

### A.   A Stay Will Result In A Multi-Year Delay and Extreme Prejudice To Clouding

The consequences of the stay on the nonmoving party are a paramount consideration in determining whether to grant a stay. *See, e.g., Dentsply Int'l, Inc. v. Kerr Mfg. Co*., 734 F. Supp. 656, 658 (D. Del. 1990) (denying a stay, and noting the need to consider whether there is even a "fair possibility" that the stay would damage the non-moving party); *ImageVision.Net, Inc. v.*

*Internet Payment Exchange, Inc.*, Dist. Court, C.A. No. 12-54-GMS-MPT, 2012 U.S. Dist. LEXIS 163234, at *8 (D. Del. Nov. 15, 2012) (affirming the denial of stay).

A stay in this case would prejudice Clouding in several significant and irreversible ways as this Court has recognized.  (Stay Hr'g Tr. 85:22–24 (The Court stated, "I believe that it would in fact create those prejudices and risk of tactical disadvantage to the plaintiff.).)

1.     <u>*Inter Partes* Review Proceedings Are Likely To Last Several Years</u>

Here the stay would last much longer than May 2014 as argued by Defendants.  (Defs' Br. at 1.)  Even though the PTO has now instituted IPR proceeding for both of the patents-in-suit, there could still be significant delays.  This is especially true given Oracle's litigation tactics which included filing a second round of IPR petitions against the same patents and filing for rehearings on the PTO's decisions to institute the IPRs.  Defendants merely speculate that the PTO will not invoke its ability to extend proceedings by six months pursuant to 35 U.S.C. § 316(a)(11).  *See* Matthew A. Smith, *A Critical Analysis Of The Inter Partes Review Statute*, p. 8 (Nov. 11, 2011) (questioning the reality of a one year decision period and noting that the PTO could "interpret avoidance of the violation of its own (statutorily mandated) regulation as 'good cause' for an extension").[3]

Oracle or other defendants may also file additional IPR petitions, thus potentially keeping the patents-in-suit under review indefinitely.  In fact, this is exactly what Oracle has done.  After the PTO issued its decisions in May 2013, Oracle filed a second round of IPR petitions on seven of patents that it had petitioned six months earlier.  *See* IPR2013-00260, -00261, -00271, -00273, -00275, -00304, and -00321.

---

[3] Available at
http://www.grayonclaims.com/storage/Critical_Analysis_of_Inter_Partes_Review.pdf (last visited June 12, 2013).

Defendants also misleadingly request a stay only until "the outcome of *inter partes* review." (Defs' Br. at 1–2.) However, the benefits of the stay will be minimal at that time because any rulings by the PTO will be appealable to the Federal Circuit. And, the losing party will almost certainly appeal. Thus, it is anticipated that any stay would be extend past appeal. To the extent that appeals are taken with the Federal Circuit, proceedings will likely add upwards of two years to that delay. *E.g., C.W. Zumbiel Co. v. Kappos*, No. 2011-1332 and -1333, 2012 U.S. App. LEXIS 26554 (Fed. Cir. Dec. 27, 2012) (affirming a 23-month old BPAI reexamination decision); *In re Basell Poliolefine Italia S.P.A.*, 547 F.3d 1371 (Fed. Cir. Nov. 13, 2008) (affirming a 20-month old BPAI reexamination decision).

2.     Clouding Will Suffer Significant Economic Loss As A Result Of A Stay

Clouding's business model depends exclusively upon licensing its patents. Clouding's ability to effectively grant those licenses depends greatly on its ability to enforce its patents and to protect the markets for its licensees' products by excluding infringers. Obviously, a stay of this litigation will dramatically impair that ability. (Carter Decl. ¶¶ 3-4). A stay would effectively give Defendants a compulsory, royalty-free license for years, stripping Clouding of its right to choose its own licensees, and placing Clouding's existing licensees at a competitive disadvantage against eight large corporate defendants. (*Id.*). As a result, the stay Defendants are seeking would devastate Clouding's ability to conduct its business and harm Clouding's licensees for years.

This is precisely the harm that this Court found to be significant in denying Oracle's motion to stay:

> So in these ways, the Court accepts the plaintiff's contention that a stay would make it harder to obtain licenses, would make the licenses that have already been granted to licensees less valuable, thereby harming the licensees of the plaintiff, and would make settlements on terms favorable and

> desirable to the plaintiff less likely.  That is, a stay would work all
> of that potential harm.
>
> So while the parties, it's true, are not direct competitors,
> and it does appear that the harm to plaintiff would be compensable
> with money, including interest, there is, in the Court's view, some
> **_significant risk of significant prejudice_** to the plaintiff from the
> delay that would follow from a stay.

(Stay Hr'g Tr. 86:9–21 (emphasis added).)

### 3.   A Stay Will Stale Evidence

A stay will potentially prevent Clouding from obtaining key evidence that may be lost

while the *inter partes* reviews are pending.  The memories of key fact witnesses, such as the

developers of the accused products, inventors of the patents, prosecuting attorneys, and prior art

witnesses are likely to fade with time, making it more difficult for Clouding to prove its case.

This Court has acknowledged that "resuming litigation after a protracted stay could raise issues

with stale evidence, faded memories, and lost documents," and that patentees must "rely, at least

to some extent, on evidence that can only be acquired through witnesses, whose memories will

inevitably fade and/or who may become more difficult to find over time."  *SoftView*, 2012 U.S.

Dist. LEXIS 104677, at *13-*14 (denying a stay pending reexamination); *Cooper Notification*,

2010 U.S. Dist. LEXIS 131385, at *12-*13 (same).

This Court has already acknowledged such loss of evidence would be prejudicial to

Clouding.  (*See* Stay Hr'g Tr. 86:22-24 (The Court stated, "I do think there is the possibility that

there could be a tactical disadvantage to the plaintiff from the delay, including from the risk that

memories might fade.").)

### 4.   A Stay Will Deny Clouding Its Chosen Forum

It is undisputed that a stay would deprive the plaintiff of its chosen forum.  (Stay Hr'g Tr.

85:24-86:1 (The Court stated, "[i]t would, I think we all agree, deprive the plaintiff of its chosen

forum for determining the validity of its patent.").) A stay of this litigation would deny Clouding its chosen forum and force Clouding to litigate the validity of its patents before the PTO. The standards for patentability in *inter partes* reviews are far less favorable to patentees than the standards applied by District Courts, because the presumption of validity does not apply in *inter partes* reviews. 35 U.S.C. §§ 282 and 316(e). And because *inter partes* reviews do not address issues of infringement or damages, those proceedings provide accused infringers with a risk-free forum to litigate the validity of a patentee's asserted claims. Thus, it is easy to understand why this Court has repeatedly held that denying a plaintiff its chosen District Court forum in favor of PTO proceedings would provide a defendant "with a clear and unwarranted tactical advantage," and weighs heavily against a stay. *See SoftView LLC,* No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at *13 (*quoting Holmes Group, Inc. v. Vornado Air Circulation Sys.,* 535 US. 826, 831(2002) ("The plaintiff is the master of the complaint [and] the well-pleaded complaint rule enables him, by eschewing [certain] claims . . . to have the cause heard in the forum of his choice." (alterations in original))).

### B. A Stay Is Unlikely To Simplify Issues Here

1. IPRs Cannot Render These Cases "Moot" Over Two-Thirds of the Claims That Are Not Subject To IPR

Defendants repeatedly argue that the IPRs may render these case "moot." (Defs' Br. at 6–7.) This Court addressed this very argument in the Oracle Action:

> On the other hand, it is true that here, given there are so many patents asserted and they have so many claims, that no *inter partes* review is even requested as of now for two-thirds of the claims, meaning that at this point the Court has to conclude that there will be, as a certainty, claims left for the plaintiff to assert against this defendant with respect to at least 10 of the 11 patents in suit.

(Stay Hr'g Tr. 82:17–24 (emphasis added).) True simplification of issues will not be achieved because not *all* of the issues in the case will be resolved through PTO proceedings. Less than a

third of the claims in the '481 and '621 patents are subject to Oracle's IPRs.  This is a smaller percentage of claims that were the subject of the IPRs in the Oracle Action.  This case will proceed regardless of the outcome of the IPR proceedings.  *See, e.g.*, *Yodlee, Inc. v. Ablaise Ltd.*, No. 06-07222, 2009 WL 112857, at \*5 (N.D. Cal. Jan. 16, 2009) ("If regardless of the result of the reexamination, there are still claims or counterclaims that need to be resolved by the Court, then reexamination clearly fails to provide a final resolution"); *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 854 (S.D. Tex. 2009) (denying a stay where "there will be some, but not complete overlap between the PTO's determination and the Court's rulings in this case."); *Esco Corp. v. Berkeley Forge & Tool, Inc.*, 2009 WL 3078463, at \*3 (N.D. Cal. Sept. 28, 2009) (denying stay where "it is likely that issues will remain for the Court's determination upon completion of the [PTO administrative] process"); *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. 06-6613, 2007 WL 3314623, at \*3 (N.D. Cal. Nov. 6, 2007) (denying a stay where "[i]t is [] very unlikely that the PTO proceedings will completely eliminate the need to move forward with this case").

     2.    <u>Defendants' Claims That The IPRs Will "Greatly Simply" The Issues Are Exaggerated</u>

Defendants' claims that the IPRs will "greatly simply" the issues is exaggerated.  (Defs' Br. at 6.)  Defendants claims that a stay will simplify issues because claims of the '481 and '621 patents will likely be cancelled or amended.  (Defs' Br. at 2.)  Defendants provide no support for this fact.

Defendants' emphasis on the granting of the IPR petitions is misleading.  The PTO's decision to grant review is much like a court deciding a motion to dismiss a complaint.  That is, the PTO only considered the sufficiency of Oracle's petition based ***only*** on Oracle's evidence.  Clouding, as patent owner, was only permitted to file a limited "preliminary response."  PTO

rules require that any preliminary response is "limited to setting forth the reasons why no *inter partes* review should be instituted under 35 U.S.C. 314." 35 C.F.R. § 42.107(a). "The preliminary response shall not present new testimony evidence beyond that already of record." *Id.* § 42.107(c). The PTO's decision to institute review proceedings of the '481 and '621 patents is not indicative how the PTO will rule when presented with a complete evidentiary record.

These nuances of PTO practice actually demonstrate how the IPR proceeding may complicate the issues here instead of simplifying them. Defendants themselves illustrate this point.

Defendants argues that Clouding "stressed that the phrase 'a data access request,' which is found in claim of the patents-in-suit, does not mean 'one or more' data access request, but instead means only one data access request." (Defs' Br. at 7.) But, this is untrue. Clouding was actually making a more nuanced argument related to the interplay between various limitations. The PTO recognized this. (*See* Defs' Br., Ex. C at 7 (The PTO stated, "[b]ased on the recitation of these claim limitations, Clouding contends that all of the other steps recited in each independent claim must occur only in response to the particular data access request referenced in the aforementioned 'receiving' step.").) This also demonstrates the risks of relying on a preliminary record that will be subject to appeal to the Federal Circuit.

Finally, the scope of discovery is not necessarily correlated to claim scope as Defendants suggest. (*See* Defs' Br. at 8.) For example, a claim could be narrowed by adding a new limitation. However, there would no corresponding reduction in discovery because the new limitation would correspond to functionality already present in an infringing product. That functionality would already be subject to discovery.

### 3.    These Cases Will Already Simplified Because This Court Will Be Addressing All IPR Issue First In The Oracle Action

The Oracle Action, which includes the '481 and '621 patents, is proceeding quickly.  It is anticipated that the schedule in the eight cases (that the subject of this motion to stay) will lag behind the schedule in the Oracle Action by a few months.  As such, this Court will have already ruled on, *inter alia*, claim construction and validity issues in the Oracle Action when the same issues arise here.  The parties here will have the benefit of the ruling and record created in the Oracle Action.  Thus, there is no need to stay these proceeding as they will already be streamlined.  The record created in the Oracle Action will be far more beneficial than the record created in the IPRs.  That is because the IPRs are limited to only invalidity arguments based on printed publications or patents.  However, Defendants in these cases, like the defendants in the Oracle Action, have raised numerous defenses outside the scope of the IPRs.

### 4.    The Estoppel Effects Of The IPR Proceedings Will Not Simplify The Issues Since The Defendants Will Not Be Bound By The IPR

Where "there are several defendants who are not party to the reexamination proceeding, they are not bound by estoppel effects of the reexamination and estoppel does not affect prejudice (or simplification of issues) in the same way."  *Tesco*, 599 F. Supp. 2d at 851-852 (S.D. Tex. 2009) (denying stay).  "[A] re-examination filed by less than all Defendants in a case will not necessarily simplify the case."  *Optimumpath, L.L.C. v. Belkin Int'l, Inc.*, No. 09-01398, 2010 WL 761285, at *2 (N.D. Cal. Mar. 3, 2010) (denying stay where not all defendants were parties to inter partes reexamination and would thus not be estopped from asserting invalidity arguments in the district court); *Stormedia Texas, LLC v. CompUSA, Inc.*, No. 07-00025, 2008 U.S. Dist. LEXIS 55690, 6-7 (E.D. Tex. July 23, 2008).  These principles apply equally to related cases.  *See Telemac Corp. v. Teledigital, Inc.,* 450 F. Supp. 2d 1107, 1108 and 1111 (N.D. Cal. 2006) (denying stays sought in related cases).

Unlike the Oracle Action, Defendants here have <u>not</u> agreed to any estoppels.   In the Oracle Action, Oracle as petitioner would be estoppel from raising any arguments that it "could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2).   And, other defendants in the initially filed cases had agreed to be estoppel from raising arguments based on prior art that Oracle had submitted.   (Stay Hr'g Tr. 53:17–20.)   This Court recognized the diminished impact on the simplification-of-the-issues factor when all defendants were not estopped.   (*See* Stay Hr'g Tr. 83:2–5 ("[T]he estoppel effect of the *inter partes* review is lesser or indeed nonexistent for some or all of the defendants in those related cases that are proceeding in a coordinated fashion with this one.").)

Here, Defendants have not even agreed to be estopped from raising the exact same arguments based prior art in the IPRs.   The IPR proceedings would be "a mere 'practice round'" for Defendants, allowing them to later re-assert the *same* factual and legal invalidity arguments raised by Oracle in the IPRs as well as new invalidity arguments before this Court.   *See Protective Industries, Inc. v. Ratermann Manufacturing, Inc.*, No. 10-1033, 2010 WL 5391525, 3-4 (M.D. Tenn. Dec. 22, 2010) (denying stay in part because the reexamination proceedings would not be binding on all defendants).

Thus, far from "simplify the invalidity . . . issues" as Defendants contend (Defs' Br. at 1), Clouding could face the same invalidity arguments twice before two separate tribunals.

### C.    Even Assuming A Quick Resolution Of The IPRs, This Favors Continuing The Case Because The Court Can Easily Incorporate The Results Of The *Inter Partes* Review Into This Litigation In Due Course

Even if Defendants' are correct and the IPRs resolve by May 2014, such a quick resolution counsels against staying the proceedings.   If the Court proceeds without a stay, Oracle's *inter partes* review in the PTO is likely to finish before the deadline for dispositive motions are due.   Courts have found where the timing of the request is such that a court can

manage any guidance that may issue from the PTO, the proper approach is to proceed and incorporate the results of the PTO decision into the case:

> [T]he Court will be able to resolve the summary judgment issues relating to [the patents in re-examination], incorporating any final claim decisions that might issue from the USPTO in the process, along with the three other remaining patents in suit, and to see the case through a speedy adjudication on the merits, if triable issues remain.  'The reexaminations may simplify or illuminate issues that will come up in this litigation, but staying the case until the reexaminations finish is not necessary to realize the benefits of the PTO proceedings.

*ImageVision.Net*, *2012 WL 3866677 at *1-*5* (citing *Avago Technologies Fiber IP (Singapore)*

*Pte. Ltd. v. IPtronics Inc.*, No. 10–2863, 2011 WL 3267768, at *6 (N.D. Cal. July 28, 2011).

Here, any guidance received from the PTO can be incorporated into claim construction rulings, summary judgment rulings, etc.  Indeed, the Court will be doing precisely that in the Oracle Action.  Should the Court stay the case, on the other hand, the harm to Clouding will be irreparable.

Defendants will argue that proceeding ahead would potentially subject them to needless discovery given the stage of the litigation.  But the IPR proceedings only cover a fraction of the claims at issue so it is inevitable that discovery would proceed either now or after the stay is lifted.  *See, e.g.*, *Mike's Train House v. Broadway Ltd. Imports*, 2011 WL 836673 at *2–*4 (D. Md. Mar. 3, 2011) ("This Court has noted before, however, that the most common outcome of PTO reexamination is that most or all of the examined claims are upheld or amended . . . ."); *Wyeth v. Abbott Labs.*, Civil Action No. 09-4850 (JAP), 2011 WL 380902, *2–*4 (D.N.J. Feb. 1, 2011) ("Statistically speaking . . . it is more likely than not that at least one or more of the claims [of a patent] will survive the reexamination proceeding.").

Defendants will need to produce the discovery: it is just a matter of when.  Given the burdensome result of a stay, Defendants, all sophisticated parties accustomed to litigation, will

suffer no prejudice.  There is no reason for the Court to delay resolution of Clouding's claims at this stage in the case when—by Defendants' own admission—the *inter partes* review will conclude before trial (Defs' Br. at 1.), and the results can be incorporated into this litigation with minimal burden on the parties and the Court.  The speed of the new *inter partes* procedures is intended to be less—not more—disruptive to pending district court actions.

### D.   Defendants Have Not Shown Any Hardship Or Inequity In The Absence Of A Stay.

Like Oracle, Defendants do not bother to allege any specific hardship or prejudice that they will suffer in the absence of a stay.  (*See* Defs' Br. at 2; *see also* Stay Hr'g Tr. 87:7–10 (The Court stated, "[n]othing particularly undue or extraordinary has been articulated or certainly shown in the way of prejudice to [Oracle] from denial of the stay.").)  Indeed, Defendants' entire argument is predicated on the IPRs simplifying the issues in the case and saving valuable judicial and party resources.  As discussed above, no saving of judicial resources will result from the issuance of a stay because the Oracle Action and other initially filed cases are going forward.  And, there will minimal, if any, simplification of issues to justify the prejudice to Clouding and risks of complicating the issues.  This and other Courts have recognized that the moving party generally must show hardship or inequity for competing interests to favor a stay.  *Cooper Notification*, 2010 U.S. Dist. LEXIS 131385, at *7; *Voith Paper GmbH & Co.KG v. Johnsonfoils, Inc.*, C.A. No. 07-226 JJF, 2008 U.S. Dist. LEXIS 28983, *4 (D. Del. Mar. 31, 2008); *Dentsply*, 734 F. Supp. at 658.

### E.   Courts Routinely Deny Stays At This Stage Of Litigation When The Other Factors Weigh Heavily Against A Stay.

Where 'prejudice or tactical disadvantage' and 'simplification of the issues' weigh against granting a stay, the early stage of a case alone does not support grant of a stay.  *E.g.*, *Tesco*, 599 F. Supp. 2d at 854 (denying a stay sought before commencement of discovery);

*Protective Indus., Inc. v. Ratermann Mfg., Inc.*, No. 3:10-1033, 2010 WL 5391525 at *4 (M.D. Tenn. Dec. 22, 2010) (denying a motion to stay filed 22 days after filing of complaint), *Cooper Techs. Co. v. Thomas & Betts Corp.*, No. 06-CV-242, 2008 WL 906315 (E.D. Tx. Mar. 31, 2008) (denying a stay sought in advance of scheduling conference).

This is especially true when proceeding before the PTO are in their earliest stages as they are here.  (*See* Stay Hr'g Tr. 84:18–20 (The Court stated, "[w]hen I compare the status of the litigation to the status of the *inter partes* review, I find that the *inter partes* review is in its earliest stages.").)  Even though now the PTO has instituted IPR proceedings, other defendants could request further IPRs and tie-up Clouding's patents indefinitely.

### F.     Principles of *Stare Decisis* Strongly Favor Denying A Stay

The facts here are substantially similar as those presented in the Oracle Action.  As discussed throughout this brief, any differences between Oracle's motion and this motion do not favor a stay.  For example, the IPRs will not accomplish any more simplification of the issues here than the Oracle Action and other earlier filed cases will accomplish.  Unlike Oracle, Amazon, and Rackspace, Defendants here have not agreed to any estoppel effects and are free raise the same arguments.  Further even though IPRs have now been instituted, the IPR schedule is still subject to delay based on Oracle's litigation tactics.  Thus, the principles of *stare decisis*— i.e., maintaining uniformity and consistency—favor denying Defendants' motion to stay.

### V.    CONCLUSION

For the foregoing reasons, Defendants' motion to stay should be denied.

17

June 18, 2013                          BAYARD, P.A.

Of Counsel:                           /s/ *Stephen B. Brauerman*
                                      Richard D. Kirk (rk0922)
Marc A. Fenster                       Stephen B. Brauerman (sb4952)
Jaspal S. Hare                        Vanessa R. Tiradentes (sb5938)
Dorian S. Berger                      222 Delaware Avenue, Suite 900
Russ August & Kabat                   Wilmington, DE  19801
12424 Wilshire Boulevard, 12th Floor  (302) 655-5000
Los Angeles, CA 90025-1031            rkirk@bayardlaw.com
(310) 826-7474                        sbrauerman@bayardlaw.com
mfenster@raklaw.com                   vtiradentes@bayardlaw.com
jhare@raklaw.com
dberger@raklaw.com                    Attorneys for Plaintiff Clouding IP, LLC