IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLOUDING IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1639 (LPS) |
| | ) | |
| CNN INTERACTIVE GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CLOUDING IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1640 (LPS) |
| | ) | |
| DOW JONES & COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CLOUDING IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1641 (LPS) |
| | ) | |
| FOX NEWS NETWORK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CLOUDING IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1642 (LPS) |
| | ) | |
| GANNETT CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| CLOUDING IP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-1643 (LPS) |
| ) | |
| THE HUFFINGTONPOST.COM INC. ) | |
| ) | |
| Defendant. ) | |
| CLOUDING IP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-1644 (LPS) |
| ) | |
| THE NEW YORK TIMES CO., ) | |
| ) | |
| Defendant. ) | |
| CLOUDING IP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-1645 (LPS) |
| ) | |
| THOMSON REUTERS CORP., *et al.* ) | |
| ) | |
| Defendants. ) | |
| CLOUDING IP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-1646 (LPS) |
| ) | |
| TIME INC., *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO STAY PENDING THE OUTCOME OF *INTER PARTES* REVIEW**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Jack B. Blumenfeld (#1014)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com |
| OF COUNSEL: | mflynn@mnat.com |
| Steven Lieberman<br>Brian Rosenbloom<br>Sharon Davis<br>ROTHWELL, FIGG, ERNST & MANBECK, P.C.<br>607 14th Street, N.W., Suite 800<br>Washington, DC 20005<br>(202) 783-6040 | *Attorney for Defendants CNN Interactive Group, Inc.; Dow Jones & Company, Inc.; Fox News Network, LLC; Gannett Co., Inc.; The New York Times Company; Thomson Reuters Corp.; West Services Inc.; Time Inc.; and TI Media Solutions, Inc.* |
|  | POTTER ANDERSON & CORROON LLP<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Hercules Plaza 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com |
| OF COUNSEL:<br><br>Vivian Kuo<br>Corrine M. Saylor<br>WINSTON & STRAWN LLP<br>1700 K STREET, N.W.<br>WASHINGTON, DC 20006<br>(202) 282-5000 | *Attorneys for Defendant The HuffingtonPost.com Inc.* |

June 28, 2013

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.   INTRODUCTION ..................................................................................................1

II.  ARGUMENT ..........................................................................................................2

   A.   Plaintiff's Stare Decisis Argument is Meritless......................................................2

   B.   A Stay Will Not Cause Undue Prejudice ...............................................................3

      1.   Defendants are requesting a stay that lasts only until a final written decision is reached in the Oracle IPRs, which will likely happen in about nine months. ..........................................................3

      2.   Plaintiff's allegations of prejudice are exaggerated and baseless ...........................................................................................4

      3.   Plaintiff's arguments regarding the potential for "staled" evidence are baseless ...........................................................................6

      4.   Plaintiff is not being deprived of its choice of forum...............................7

   C.   A Stay Pending the Outcome of the Oracle IPRs Will Likely Simplify Issues and May Moot the Second Wave Actions ...................................7

   D.   The Progress of the First Wave Actions Militates in Favor of, Not Against, a Stay .......................................................................................................9

   E.   The Relative Stages of the Proceedings Favor a Stay............................................9

   F.   Defendants Need Not Show Hardship .................................................................10

III. CONCLUSION .....................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Cooper Notification, Inc. v. Twitter, Inc.*,
  No. 09-965-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) .......................................... 8, 10

*Cooper Tech. Co. v. Thomas & Betts Corp.*,
  No. 06-242, 2008 WL 906315 (E.D. Tex. Mar. 31, 2008) ....................................................... 9

*eBay, Inc. v. MercExchange LLC*,
  547 U.S. 388 (2006) ................................................................................................................ 4

*Mission Abstract Data LLC v. Beasley Broadcast Group, Inc.*,
  No. 11-176-LPS, 2011 WL 5523315 (D. Del. Nov. 14, 2011) ................................................ 7

*Neste Oil Oyj v. Dynamic Fuels, LLC*,
  No. 12-662-GMS, 2013 WL 424754 (D. Del. Jan. 31, 2013) .................................................. 3

*Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*,
  No. 12-088-RGA, 2012 WL 2803695 (D. Del. July 10, 2012) ............................................... 9

*Protective Industries, Inc. v. Ratermann Mfg., Inc.*,
  No. 10-1033, 2010 WL 5391525 (M.D. Tenn. Dec. 22, 2010) ............................................... 9

*Round Rock Research, LLC v. Dole Food Co.*,
  No. 11-1239-RGA, 2012 WL 1185022 (D. Del. Apr. 6, 2012) ............................................... 8

*Smarter Agent, LLC v. Mobilerealtyapps.com, LLC*,
  889 F.Supp.2d 673 (D. Del. 2012) ........................................................................................ 10

*St. Clair Intel. Prop. Consult., Inc. v. Motorola Mobility, Inc.*,
  No. 11-1305-LPS, 2012 WL 4321743 (D. Del. Sept. 20, 2012) ............................................. 9

*Tesco Corp. v. Weatherford Int'l, Inc.*,
  599 F.Supp.2d 848 (S.D. Tex. 2009) ...................................................................................... 9

*Vorda v. Cordis Corp.*,
  536 F.3d 1311 (Fed. Cir. 2008) .............................................................................................. 4

**RULES AND STATUTES**

35 U.S.C. § 316(a)(11) ................................................................................................................. 3

## I.   INTRODUCTION

Defendants seek only a modest stay – less than a year – of the Second Wave Actions pending the outcome of the *inter partes reviews* submitted by unrelated third party Oracle Corporation of the two patents-in-suit (the "Oracle IPRs"), which proceedings before the United States Patent and Trademark Office ("PTO") are expected to be fully completed in approximately nine months.  The Oracle IPRs involve each and every independent claim of the two patents-in-suit – including the only two claims that Plaintiff has specifically identified as being infringed here.  Moreover, the Second Wave Actions have not yet moved beyond the pleading stage – no scheduling conference has occurred (or even been set), no discovery has taken place, and no trial date has been scheduled.  Staying the Second Wave Actions in this context advances judicial and party efficiency and maximizes the likelihood that neither the Court nor the parties will expend resources addressing invalid claims.

Plaintiff's dramatic rhetoric that a stay will cripple its business and impair funding of its charitable endeavors, (No. 12-01639-LPS, D.I. 19 ("Carter Decl.") at ¶ 2), is specious. Plaintiff's sole "business" is seeking to extract licenses through litigation and its only employee is its founder, William R. Carter, Jr., who notably has a long criminal record, including a conviction for illegally obtaining the assets of others.[1]  Although Mr. Carter's business may have an interest in extracting settlement payments as quickly as possible, a brief stay of these actions against legitimate operating companies can only serve the public interest.

---

[1]   Mr. Carter's record includes convictions for theft and writing bad checks. (Declaration of Chen Li ("Li Decl.") at ¶¶ 1-6.)  He has been arrested on fugitive warrants, and was also convicted of cocaine trafficking (for this conviction he was sentenced to 15 years and served 4.5 years).  (*Id.*)  Although Mr. Carter's conviction for cocaine trafficking was reversed on appeal, the reversal was followed by his subsequent plea of *nolo contendere.* (*Id.*)

## II. ARGUMENT

### A. Plaintiff's *Stare Decisis* Argument is Meritless

Plaintiff argues that this Court should deny Defendants' request for a stay pending the outcome of the Oracle IPRs because this Court recently denied Oracle's request to stay its action. (No. 12-01639-LPS, D.I. 18 ("Clouding Br.") at 1.) While Plaintiff correctly notes that "[t]he principle of *stare decisis* dictate[s] that similar cases should be decided similarly," (Clouding Br. at 6), the Second Wave Actions and the Oracle Action are materially different in several respects:

- Oracle, not Defendants, filed the petitions to institute the Oracle IPRs;

- Oracle, not Defendants, has complete control over the Oracle IPRs;

- The Oracle Action involves eleven of Plaintiff's patents, whereas these actions involve only two, both of which are at issue in the Oracle IPRs;

- At the time this Court denied Oracle's request for a stay, the PTO had not yet acted on either of the Oracle IPRs. The PTO has now acted and has determined there is a "reasonable likelihood" that every claim Plaintiff has specifically identified as allegedly being infringed by Defendants, and all of the independent claims of the patents-in-suit, are invalid;

- By the time this Court decided Oracle's request for a stay, significant resources had already been invested in *that case* in entering a coordinated schedule, hearing a motion to dismiss, and on discovery. (No. 12-642-LPS, D.I. 50 at 83:16-25 ("Hr'g Tr.").) The Second Wave Actions have not passed the pleading stage - no scheduling conference has occurred or been set, no discovery has taken place, and no trial date has been scheduled; and

- Defendants moved for a stay at the very outset of the litigation, whereas Oracle did not move for its stay until after this Court had ordered a scheduling conference and the parties had submitted a proposed scheduling order.

2

### B. A Stay Will Not Cause Undue Prejudice

#### 1. Defendants are requesting a stay that lasts only until a final written decision is reached in the Oracle IPRs, which will likely happen in about nine months.

The potential for delay "does not, by itself, establish *undue* prejudice." *Neste Oil Oyj v. Dynamic Fuels, LLC,* No. 12-662-GMS, 2013 WL 424754, at *2 (D. Del. Jan. 31, 2013) (emphasis in original).  Moreover, the delay requested here is modest.  Defendants request that the Court issue a stay only until the PTO issues its final written decision in both Oracle IPRs, which is expected to occur in about nine months.  In the Oracle IPR involving the '481 patent, the PTO set an oral hearing date of November 14, 2013, (Declaration of Chen Li ("Li Decl.") Ex. F at 5.), and in the Oracle IPR involving the '621 patent, the PTO set an oral hearing date of December 12, 2013.  (Li Decl. Ex. G at 5.)  Plaintiff recently told the PTO that it did not foresee any need to modify or push these dates.  (Li Decl. Ex. H at 2, Ex. I at 2.)  Accordingly, assuming the PTO issues its final written decision within two months of hearing oral argument, both IPRs will conclude by the end of February 2014.  Further, by statute, both IPRs are required to be completed by May 2014, unless good cause is shown to extend the deadline, and even then the deadline could only be pushed out by an additional six months.  35 U.S.C. § 316(a)(11).

Plaintiff argues that "any stay would be extend [sic] past appeal."  (Clouding Br. at 8.)  This argument is simply premature and should not be considered.  Although Defendants reserve the right to do so, Defendants are not currently seeking a stay pending appeal.  Notably, when confronted with the same issue in the Oracle Action, this Court did not "factor[] in the time for appeal since [Oracle] at this time is not seeking a stay pending appeal."  (Hr'g Tr. at 85:4-5.)

Plaintiff seeks to avoid a stay by further speculating that "Oracle or other defendants may also file additional IPR petitions, thus potentially keeping the patents-in-suit under review indefinitely," and argues that "this is exactly what Oracle has done." (Clouding Br. at 7.)  While

3

Oracle has filed a second round of IPRs for various patents in May 2013, *none of those subsequent IPRs involve the patents-in-suit here*. The subsequent IPRs appear to have been filed principally to cover *independent* patent claims in other patents that were not addressed in the first round of IPRs. (*See* Li Decl. Ex. J at 1.) By contrast, the Oracle IPRs already cover *every* independent claim of the patents-in-suit. Accordingly, Oracle is unlikely to file subsequent IPRs for the patents-in-suit.

### 2. Plaintiff's allegations of prejudice are exaggerated and baseless

Plaintiff alleges that a stay will "cripple" and "devastate" its business. (Clouding Br. at 1, 8.) Plaintiff's only business is to sue companies that provide goods or services to the marketplace, or threaten them with suit, and then extract as a license a portion of the amount it would have cost to defend against the lawsuit. (Clouding Br. at 3.) This conduct by Plaintiff forces these companies to expend resources that otherwise would have been put to beneficial use.

The arguments that Plaintiff provides to support its allegation of prejudice are baseless.

First, Plaintiff argues that granting a stay will impair its ability to "protect the markets for its licensees' products by *excluding* infringers." (Clouding Br. at 8) (emphasis added.) This assertion is baseless. Under well-established law, Plaintiff, as a non-practicing entity, has no right to obtain injunctive relief against infringers and thus, even absent a stay, could not "exclude" anyone. *See eBay, Inc. v. MercExchange LLC*, 547 U.S. 388 (2006); *Vorda v. Cordis Corp.*, 536 F.3d 1311, 1329 (Fed. Cir. 2008). Notably, Plaintiff has not even sought injunctive relief in these cases. (*See, e.g.*, No. 12-01639-LPS, D.I. 1 at 4-5.)

Second, Plaintiff argues that granting the stay "would effectively give Defendants a compulsory, *royalty-free license* for years." (Clouding Br. at 8) (emphasis added.) This is simply erroneous. In the unlikely event that either of the patents-in-suit were to survive the IPR

without amendment and Plaintiff ultimately prevails on the merits, Plaintiff would be entitled to seek damages for the time period of the stay. Thus, there is no risk of a "*royalty-free* license" during a stay.

Plaintiff further alleges that a stay will place "[its] existing licensees at a competitive disadvantage." (*Id.*) This too is based on pure speculation and is not supported by any evidence. Plaintiff has not submitted a declaration from any licensee to substantiate its assertion, nor has any licensee intervened in this action to oppose the stay. In fact, Plaintiff does not even name these supposedly vulnerable licensees, let alone show how a stay would result in harm.

Third, Plaintiff argues that granting the stay will somehow "create[] the false impression that all claims of [the patents-in-suit] are potentially invalid." (Carter Decl. at ¶ 4.) This argument is not supported by any evidence other than speculation and conjecture. In any event, if such an impression is created, it has been created by the PTO finding that there is a "reasonable likelihood" that one or more claims of the patents-in-suite are unpatentable.

Finally, Plaintiff contends that a stay will somehow hinder notably unspecified "charitable endeavors." (Carter Decl. at ¶ 3.) Given Mr. Carter's past troubles, (s*ee supra*, fn. 1), this too seems specious, at best.

Regardless, a stay here will not impact Plaintiff's ability to monetize the many other patents to which it purportedly has rights. Plaintiff claims that it "owns rights to approximately 38 U.S. patents/application and 12 foreign patents/applications." (Carter Decl. at ¶ 2.) These cases involve only two of those 50 patent properties. Nothing this Court does in these cases will affect Clouding's ability to license the remaining 48 patent properties.

Further, with respect to the two patents-in-suit, the only circumstance in which a stay will prevent Plaintiff from licensing the patents-in-suit is one in which Plaintiff can persuade an

5

entity to take a license only by forcing that entity to expend resources in litigation. Even under this scenario, however, a stay of this case should have no effect on Plaintiff's ability to license the patents to the entities involved in the First Wave Actions: Oracle, Google, Amazon, Motorola Mobility, and Rackspace Hosting.

### 3. Plaintiff's arguments regarding the potential for "staled" evidence are baseless

The PTO is likely to issue its final written decisions in the Oracle IPRs by February 2014. Thus, Defendants are seeking only a modest stay. Plaintiff cannot seriously contend that such a modest stay creates a risk that memories will fade or "key evidence may be lost." (Clouding Br. at 9.)

Plaintiff, nevertheless, asserts that a stay will make "it more difficult for [it] to prove its case" because "the memories of … *prior art witnesses*" may fade. (*Id.*) (emphasis added.) This assertion is simply wrong. The fading of such witness' memories will arguably make it harder for Defendants, not Plaintiff, to prove its invalidity case.

Plaintiff also argues that the memories of the "inventors of the patents [and] prosecuting attorneys … are likely to fade with time." (*Id.*) The memories of the inventors and prosecuting attorneys will likely suffer no significant additional diminution since the application that led to the patents-in-suit was filed in 2001 -- over 12 years ago. In any event, the two patents-in-suit are also at issue in the Oracle Action, which is moving forward on a separate schedule and has been pending for some time. Plaintiff is free to depose the inventors and prosecuting attorneys as part of the Oracle Action. Those depositions can then be used to refresh the recollection of such witnesses should their testimony become relevant in the Second Wave Actions.

Further, the '481 patent issued in 2005 and the '621 patent issued in 2007. Yet Plaintiff (and its predecessor patent owner) waited seven and five years, respectively, before filing the

6

Second Wave Actions. Plaintiff's argument that a short stay will "somehow [further] stale" evidence rings hollow in these circumstances. (Clouding Br. at 9.)

### 4. Plaintiff is not being deprived of its choice of forum

Plaintiff asserts that a stay will deprive it of its "chosen forum and force Plaintiff to litigate the validity of its patents before the PTO." (Clouding Br. at 10.)

First, Defendants did not initiate and cannot participate in the Oracle IPRs. The Oracle IPRs will proceed regardless of whether the Second Wave Actions are stayed. This factor militates in favor of granting the stay, not against. *See Mission Abstract Data LLC v. Beasley Broadcast Group, Inc.*, No. 11-176-LPS, 2011 WL 5523315, at *3 (D. Del. Nov. 14, 2011) (granting a stay partly because the moving party was not a party to the corresponding reexamination).

Second, the First Wave Actions have not been stayed and involve, *inter alia*, the two patents at issue here. Given that the validity of the patents-in-suit is a key issue in the First Wave Actions, Plaintiff may have an opportunity to litigate the validity issues in its chosen forum.

### C. A Stay Pending the Outcome of the Oracle IPRs Will Likely Simplify Issues and May Moot the Second Wave Actions

Plaintiff asserts that the Second Wave Actions will continue regardless of the outcome of the Oracle IPRs because not all claims of the patents-in-suit are at issue in the Oracle IPRs. Plaintiff, however, has not identified a single claim of the patents-in-suit that it contends is infringed but is not at issue in the Oracle IPRs. In fact, the only claims Plaintiff identified specifically in its complaints as being infringed are claim 1 of the '481 patent and claim 1 of the '621 patent. (*See, e.g.*, No. 12-1639, D.I. 1 at ¶¶ 8, 13). Both of these claims, as well as every other independent claim of the patents-in-suit, are at issue in the Oracle IPRs. Thus, the Oracle IPRs could moot the Second Wave Actions in their entirety.

7

Moreover, as this Court has already recognized, IPRs provide "some significant likelihood of some significant simplification …. even if no invalidation of claims and no amendment results." (Hr'g Tr. at 81:12.) Thus, this Court found that the "factor on whether a stay is likely to simplify the issues for trial" weighed *in favor of a stay* notwithstanding the fact that "there will be, as a certainty, claims left for the plaintiff to assert against this defendant." (Hr'g Tr. at 82:21.)

While there is some possibility that IPR will not result in the invalidation or amendment of any claims, the probability of this happening is small. According to the 2012 PTO statistics on *inter partes* reexamination, the procedure that IPR has replaced, only 11% of *inter partes* reexaminations resulted in a certificate confirming the patentability of all claims under review. (Li Decl. Ex. M.) Thus, there is a good chance that the Oracle IPRs may cancel or amend the claims in the patents-in-suit. Moving forward with the Second Wave Actions while the Oracle IPRs are ongoing may lead the parties to construe or challenge claims that are later amended or canceled, causing resources to be wasted on both sides. *See Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-965-LPS, 2010 WL 5149351, at *3 (D. Del. Dec. 13, 2010) ("If all or some of the asserted claims are modified, this could render much of the parties' and Court's resources wasted."); *see also Round Rock Research, LLC v. Dole Food Co.*, No. 11-1239-RGA, 2012 WL 1185022 at *1 (D. Del. Apr. 6, 2012).

Lastly, Plaintiff complains that the issues in the Second Wave Action will not be simplified because "Defendants have not even agreed to be estopped from raising the exact same argument based [on] prior art in the IPRs." (Clouding Br. at 14.) The IPR of the '621 patent currently relies on only *one* piece of purportedly anticipatory art, while that of the '481 patent involves that piece of prior art and another prior art document. (12-01639-LPS, D.I. 20 ("Berger

8

Decl.") Exs. C at 2 and D at 2.) Thus, even if the invalidity arguments from the Oracle IPRs were raised in these suits, the burden of considering two prior art documents is limited.

> D. **The Progress of the First Wave Actions Militates in Favor of, Not Against, a Stay**

Plaintiff argues that the "benefit of the ruling and record created in the Oracle Action" will be "far more beneficial than the record created in the IPRs," and that a stay pending the IPRs is therefore unnecessary. (Clouding Br. at 13.) The fact that the parties here may benefit from the rulings and record in the Oracle Action *weighs in favor of* granting the stay, not against. *See e.g., St. Clair Intel. Prop. Consult., Inc. v. Motorola Mobility, Inc.*, No. 11-1305-LPS, 2012 WL 4321743 at *1 (D. Del. Sept. 20, 2012) ("A stay may very well simplify the issues to be litigated in the instant case, as the Court will be evaluating, in the context of . . . the [related patent infringement cases], various efforts to invalidate many of the claims of the patents-in-suit"); and *Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*, No. 12-088-RGA, 2012 WL 2803695, at *4 (D. Del. July 10, 2012) (granting stay pending resolution of a related litigation).

> E. **The Relative Stages of the Proceedings Favor a Stay**

Plaintiff cites decisions denying a stay in cases where no scheduling order had issued, but those decisions involve different facts and are from other jurisdictions. Notably, each of those decisions involved parties that were direct competitors and *inter partes* reexamination proceedings, which may last years longer than IPRs. *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F.Supp.2d 848, 850-51 (S.D. Tex. 2009); *Protective Industries, Inc. v. Ratermann Mfg., Inc.*, No. 10-1033, 2010 WL 5391525, at *2 (M.D. Tenn. Dec. 22, 2010); *Cooper Tech. Co. v. Thomas & Betts Corp.*, No. 06-242, 2008 WL 906315, at *1 (E.D. Tex. Mar. 31, 2008).

Compared to the nascent stage of the Second Wave Actions, the IPRs are moving forward quickly (in fact, discovery has already begun in the IPRs with Plaintiff already having

9

conducted the first deposition). (Li Decl. Exs. K, L.) The PTO has set oral hearing dates for November and December of this year and Plaintiff told the PTO that it does not expect that these dates will need to be changed. (Li Decl. Ex. H, I.) The advanced stage of the Oracle IPRs weighs in favor of a stay. *See, e.g., Smarter Agent, LLC v. Mobilerealtyapps.com, LLC*, 889 F.Supp.2d 673, 675-77 (D. Del. 2012) (staying action because, *inter alia*, the PTO proceedings were "significantly more advanced than [the] litigation").

### F. Defendants Need Not Show Hardship

Plaintiff alleges that "the moving party generally must show hardship or inequity for competing interests to favor a stay" and that Defendants have not made such a showing. (Clouding Br. at 16.) Plaintiff places undue emphasis on this factor because a stay will not prejudice Plaintiff for the reasons given above. S*ee Cooper Notification*, 2010 WL 5149351, at *2 ("Nowhere did the Court state that a showing of hardship or inequity . . . is an absolute requirement for a stay."). Here, all the factors weigh in favor of a stay, and staying the Second Wave Actions maximizes the likelihood that neither the Court nor the parties will expend resources addressing invalid claims.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that a stay pending the outcome of Oracle IPRs should be granted.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Michael J. Flynn* |
|  | Jack B. Blumenfeld (#1014)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com |
| OF COUNSEL: | mflynn@mnat.com |
| Steven Lieberman<br>Brian Rosenbloom<br>Sharon Davis<br>ROTHWELL, FIGG, ERNST & MANBECK, P.C.<br>607 14th Street, N.W., Suite 800<br>Washington, DC 20005<br>(202) 783-6040 | *Attorney for Defendants CNN Interactive Group, Inc.; Dow Jones & Company, Inc.; Fox News Network, LLC; Gannett Co., Inc.; The New York Times Company; Thomson Reuters Corp.; West Services Inc.; Time Inc.; and TI Media Solutions, Inc.* |
|  | POTTER ANDERSON & CORROON LLP |
|  | */s/ David E. Moore* |
|  | Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Hercules Plaza 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com |
| OF COUNSEL:<br><br>Vivian Kuo<br>Corrine M. Saylor<br>WINSTON & STRAWN LLP<br>1700 K STREET, N.W.<br>WASHINGTON, DC 20006<br>(202) 282-5000 | *Attorneys for Defendant The HuffingtonPost.com Inc.* |
| June 28, 2013 |  |

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 28, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>Vanessa R. Tiradentes, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Marc A. Fenster, Esquire<br>Dorian S. Berger, Esquire<br>RUSS, AUGUST, KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025 | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)